UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ROBERT SPEARS,                )
                              )
            Plaintiff,        )
     vs.                      )        No. 1:06-cv-1193-SEB-VSS
                              )
DET. NOBLE DUKE,              )
                              )
            Defendant.        )

**Entry Discussing Complaint and Directing Entry of Judgment**

For the reasons explained in this Entry, this action must be dismissed.

**I.**

Robert Spears, an inmate at the Marion County Jail, filed this action pursuant to 42 U.S.C. § 1983 against an Indianapolis police officer. Spears alleges that on October 24, 2005, the defendant police officer permitted a confidential informant, Shannon Welch, to enter a house where Spears was located. At the time, the defendant had given Welch a loaded gun and knew that there was a restraining order against Welch and her family–apparently issued at Spears' request. The plaintiff asserts, though without explaining or suggesting on what basis, that these circumstances could have given the defendant "grounds" to shoot Spears. (Spears does not allege that he was in actual danger from any conduct of Shannon Welch on this particular occasion. Spears seeks 20 million dollars in damages.

The plaintiffs' motion to proceed *in forma pauperis* is **granted.** The assessment of even a partial filing fee is not feasible at this time.

**II.**

**A.**

The complaint is subject to the screening required by 28 U.S.C. § 1915A(b). This statute requires the court to screen prisoner complaints at the earliest opportunity and "dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)).

**B.**

The plaintiff's claim is asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); see also *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

The complaint fails to state a viable claim for relief. The reason for this ruling is that the conduct attributed to the defendant did not violate any of Spears' federally secured rights, *Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir. 1991)("threats causing fear for plaintiff's life [is] not an infringement of a constitutional right, [and] thus not actionable under § 1983")(citing case), and without such conduct no viable claim under 42 U.S.C. § 1983 is stated. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

**III.**

"[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'" *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996) (*quoting Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)). That is the case here. Accordingly, the action must be dismissed pursuant to § 1915A(b), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 08/22/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana